

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :   INDICTMENT

          -v.-                     :   S1 07 Cr. 115 (AKH)

ABDUL TAWALA IBN ALI ALISHTARI,    :
     a/k/a "Michael Mixon," and
BRIAN ANDERSON,                    :

                    Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - x
```



### COUNT ONE

(Financing Terrorism)

The Grand Jury charges:

1. From at least in or about June 2006, up to and including in or about December 2006, in the Southern District of New York and elsewhere, ABDUL TAWALA IBN ALI ALISHTARI, a/k/a "Michael Mixon," the defendant, and others known and unknown, where the offense did take place in the United States and was directed toward the carrying out of a predicate act outside the United States, and within the United States, the offense and the predicate act were conducted in, and the results thereof affected, interstate and foreign commerce, unlawfully, willfully, and knowingly, directly and indirectly did attempt to provide and collect funds with the intention that such funds be used, and with the knowledge that such funds were to be used, in full and in part, in order to carry out an act intended to cause death and

serious bodily injury to a civilian, and to any other person not taking an active part in the hostilities in a situation of armed conflict, when the purpose of such act, by its nature and context, was to intimidate a population, and to compel a government and an international organization to do and to abstain from doing any act, to wit, ALISHTARI, in exchange for payment, transferred and concealed the transfer of approximately $152,000 in funds that he believed were being sent to Pakistan and Afghanistan to be used to support a terrorist training camp in Afghanistan by, among other things, funding the purchase of equipment such as nightvision goggles.

(Title 18, United States Code, Sections 2339C & 2.)

## COUNT TWO

(Material Support of Terrorism)

The Grand Jury further charges:

2.　From at least in or about June 2006, up to and including in or about December 2006, in the Southern District of New York and elsewhere, ABDUL TAWALA IBN ALI ALISHTARI, a/k/a "Michael Mixon," the defendant, and others known and unknown, unlawfully and knowingly did attempt to provide "material support or resources," as that term is defined in 18 U.S.C. § 2339A(b), namely, currency, monetary instruments, financial securities, financial services, and expert advice or assistance, and conceal and disguise the nature, location, source, and ownership of

material support or resources, knowing that they were to be used in preparation for, and in carrying out, a violation of an offense listed in 18 U.S.C. § 2332b(g)(5)(B), to wit, financing terrorism, in violation of 18 U.S.C. § 2339C, to wit, ALISHTARI, in exchange for payment, attempted to transfer and conceal the transfer of approximately $152,000 in funds that he believed were being sent to Pakistan and Afghanistan to be used to support a terrorist training camp in Afghanistan by, among other things, funding the purchase of equipment such as nightvision goggles.

(Title 18, United States Code, Sections 2339A & 2.)

### COUNT THREE

(Money Laundering)

The Grand Jury further charges:

3.   On or about August 17, 2006, in the Southern District of New York and elsewhere, ABDUL TAWALA IBN ALI ALISHTARI, a/k/a "Michael Mixon," the defendant, in an offense involving and affecting interstate and foreign commerce, unlawfully, wilfully and knowingly did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds from a place in the United States to and through a place outside the United States, to wit, ALISHTARI caused the transfer of approximately $25,000 from a bank account in New York to a bank account in Montreal, Canada, with the intent to promote the carrying on of specified unlawful

3

activity, to wit, providing material support to terrorists in violation of Title 18, United States Code, Section 2339A.

(Title 18, United States Code, Sections 1956(a)(2)(A) and 2.)

## COUNT FOUR

(Wire Fraud Conspiracy - FEDI)

The Grand Jury further charges:

4. From at least in or about 1998, up to and including in or about 2004, in the Southern District of New York and elsewhere, ABDUL TAWALA IBN ALI ALISHTARI, a/k/a "Michael Mixon," and BRIAN ANDERSON, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Section 1343 of Title 18, United States Code.

5. It was a part and an object of the conspiracy that ABDUL TAWALA IBN ALI ALISHTARI, a/k/a "Michael Mixon," and BRIAN ANDERSON, the defendants, and others known and unknown, unlawfully, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, a writing, sign, signal, picture and sound for the purpose of executing such

scheme and artifice, to wit, ALISHTARI and ANDERSON administered and promoted a fraudulent loan investment program known as the "Flat Electronic Data Interchange" ("FEDI") through which ALISHTARI, ANDERSON and others fraudulently obtained millions of dollars in investments from various individuals by falsely promising high, guaranteed rates of return, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

## COUNT FIVE

(Wire Fraud - FEDI)

The Grand Jury further charges:

6. From in or about 1998, up to and including in or about 2004, in the Southern District of New York and elsewhere, ABDUL TAWALA IBN ALI ALISHTARI, a/k/a "Michael Mixon," and BRIAN ANDERSON, the defendants, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, unlawfully, willfully and knowingly did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals and sounds for the purpose of executing such scheme and artifice, to wit, ALISHTARI and ANDERSON administered and promoted a fraudulent loan investment program known as FEDI through which ALISHTARI, ANDERSON and others fraudulently

obtained millions of dollars in investments from various individuals by falsely promising high, guaranteed rates of return.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT SIX

(Wire Fraud Conspiracy -- Frontier Assets)

The Grand Jury further charges:

7.  From at least in or about 2001, up to and including in or about 2003, in the Southern District of New York and elsewhere, BRIAN ANDERSON, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Section 1343 of Title 18, United States Code.

8.  It was a part and an object of the conspiracy that BRIAN ANDERSON, the defendant, and others known and unknown, unlawfully, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, a writing, sign, signal, picture and sound for the purpose of executing such scheme and artifice, to wit, ANDERSON and others conspired to

create and administer a fraudulent loan investment program called Frontier Assets through which ANDERSON obtained millions of dollars in investments from various individuals by falsely promising high, guaranteed rates of return, and thereby defrauded those investors of millions of dollars, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

### COUNT SEVEN

(Wire Fraud -- Frontier Assets)

The Grand Jury further charges:

9.   From in or about 2001, up to and including in or about 2003, in the Southern District of New York and elsewhere, BRIAN ANDERSON, the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, unlawfully, willfully and knowingly did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals and sounds for the purpose of executing such scheme and artifice, to wit, ANDERSON and others created and administered a fraudulent loan investment program called Frontier Assets through which ANDERSON obtained millions of dollars in investments from various individuals by falsely promising high, guaranteed rates of return, and thereby defrauded those investors

of millions of dollars.

    (Title 18, United States Code, Sections 1343 and 2.)

_____      _____
FOREPERSON                          MICHAEL J. GARCIA
                                   United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ABDUL TAWALA IBN ALI ALISHTARI,
    a/k/a "Michael Mixon," and
BRIAN ANDERSON,
            Defendants.

INDICTMENT

S1 07 Cr. 115 (AKH)

(Title 18, United States Code, Sections
2339C, 2339A, 1956(a)(2)(A), 1343, 1349,
and 2)

MICHAEL J. GARCIA
United States Attorney

A TRUE BILL.

*[signature]*

Foreperson.

*March 26, 2007*
*Superceded Indictment filed in S1 07CR 115(AKH)*
*A/w issued for Brian Anderson*
*Freeman, USAJ*