```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :    INDICTMENT

          -v.-                    :    S2 07 Cr. 115 (AKH)

ABDUL TAWALA IBN ALI ALISHTARI,   :
     a/k/a "Michael Mixon," and
BRIAN ANDERSON,                   :

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 0 6 2008

### COUNT ONE

(Financing Terrorism)

The Grand Jury charges:

1.  From at least in or about June 2006, up to and including in or about December 2006, in the Southern District of New York and elsewhere, ABDUL TAWALA IBN ALI ALISHTARI, a/k/a "Michael Mixon," the defendant, and others known and unknown, where the offense did take place in the United States and was directed toward the carrying out of a predicate act outside the United States, and within the United States, the offense and the predicate act were conducted in, and the results thereof affected, interstate and foreign commerce, unlawfully, willfully, and knowingly, directly and indirectly did attempt to provide and collect funds with the intention that such funds be used, and with the knowledge that such funds were to be used, in full and in part, in order to carry out an act intended to cause death and

serious bodily injury to a civilian, and to any other person not taking an active part in the hostilities in a situation of armed conflict, when the purpose of such act, by its nature and context, was to intimidate a population, and to compel a government and an international organization to do and to abstain from doing any act, to wit, ALISHTARI, in exchange for payment, transferred and concealed the transfer of approximately $152,000 in funds that he believed were being sent to Pakistan and Afghanistan to be used to support a terrorist training camp in Afghanistan by, among other things, funding the purchase of equipment such as nightvision goggles.

(Title 18, United States Code, Sections 2339C & 2.)

## COUNT TWO

(Material Support of Terrorism)

The Grand Jury further charges:

2.    From at least in or about June 2006, up to and including in or about December 2006, in the Southern District of New York and elsewhere, ABDUL TAWALA IBN ALI ALISHTARI, a/k/a "Michael Mixon," the defendant, and others known and unknown, unlawfully and knowingly did attempt to provide "material support or resources," as that term is defined in 18 U.S.C. § 2339A(b), namely, currency, monetary instruments, financial securities, financial services, and expert advice or assistance, and conceal and disguise the nature, location, source, and ownership of

2

material support or resources, knowing that they were to be used in preparation for, and in carrying out, a violation of an offense listed in 18 U.S.C. § 2332b(g)(5)(B), to wit, financing terrorism, in violation of 18 U.S.C. § 2339C, to wit, ALISHTARI, in exchange for payment, attempted to transfer and conceal the transfer of approximately $152,000 in funds that he believed were being sent to Pakistan and Afghanistan to be used to support a terrorist training camp in Afghanistan by, among other things, funding the purchase of equipment such as nightvision goggles.

(Title 18, United States Code, Sections 2339A & 2.)

## COUNT THREE

(Money Laundering)

The Grand Jury further charges:

3.  On or about August 17, 2006, in the Southern District of New York and elsewhere, ABDUL TAWALA IBN ALI ALISHTARI, a/k/a "Michael Mixon," the defendant, in an offense involving and affecting interstate and foreign commerce, unlawfully, wilfully and knowingly did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds from a place in the United States to and through a place outside the United States, to wit, ALISHTARI caused the transfer of approximately $25,000 from a bank account in New York to a bank account in Montreal, Canada, with the intent to promote the carrying on of specified unlawful

3

activity, to wit, providing material support to terrorists in violation of Title 18, United States Code, Section 2339A.

(Title 18, United States Code, Sections 1956(a)(2)(A) and 2.)

## COUNT FOUR

(Wire Fraud Conspiracy -- FEDI)

The Grand Jury further charges:

4. From at least in or about 1998, up to and including in or about 2004, in the Southern District of New York and elsewhere, ABDUL TAWALA IBN ALI ALISHTARI, a/k/a "Michael Mixon," and BRIAN ANDERSON, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Section 1343 of Title 18, United States Code.

5. It was a part and an object of the conspiracy that ABDUL TAWALA IBN ALI ALISHTARI, a/k/a "Michael Mixon," and BRIAN ANDERSON, the defendants, and others known and unknown, unlawfully, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, a writing, sign, signal, picture and sound for the purpose of executing such

4

scheme and artifice, to wit, ALISHTARI and ANDERSON administered and promoted a fraudulent loan investment program known as the "Flat Electronic Data Interchange" ("FEDI") through which ALISHTARI, ANDERSON and others fraudulently obtained millions of dollars in investments from various individuals by falsely promising high, guaranteed rates of return, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

### COUNT FIVE

(Wire Fraud -- FEDI)

The Grand Jury further charges:

6. From in or about 1998, up to and including in or about 2004, in the Southern District of New York and elsewhere, ABDUL TAWALA IBN ALI ALISHTARI, a/k/a "Michael Mixon," and BRIAN ANDERSON, the defendants, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, unlawfully, willfully and knowingly did transmit and cause to be transmitted, and attempted to transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals and sounds for the purpose of executing such scheme and artifice, to wit, ALISHTARI and ANDERSON administered and promoted and attempted to administer and promote a fraudulent

5

loan investment program known as FEDI through which ALISHTARI, ANDERSON and others fraudulently obtained and attempted to obtain millions of dollars in investments from various individuals by falsely promising high, guaranteed rates of return.

(Title 18, United States Code, Sections 1343 and 2.)

### COUNT SIX

(Wire Fraud Conspiracy -- Frontier Assets)

The Grand Jury further charges:

7. From at least in or about 2001, up to and including in or about March 2007, in the Southern District of New York and elsewhere, BRIAN ANDERSON, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Section 1343 of Title 18, United States Code.

8. It was a part and an object of the conspiracy that BRIAN ANDERSON, the defendant, and others known and unknown, unlawfully, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, a writing, sign, signal, picture and sound for the purpose of executing such

scheme and artifice, to wit, ANDERSON and others conspired to create and administer a fraudulent loan investment program called Frontier Assets through which ANDERSON obtained millions of dollars in investments from various individuals by falsely promising high, guaranteed rates of return, and thereby defrauded those investors of millions of dollars, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

**COUNT SEVEN**

(Wire Fraud -- Frontier Assets)

The Grand Jury further charges:

9.  From in or about 2001, up to and including in or about March 2007, in the Southern District of New York and elsewhere, BRIAN ANDERSON, the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, unlawfully, willfully and knowingly did transmit and cause to be transmitted, and attempted to transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals and sounds for the purpose of executing such scheme and artifice, to wit, ANDERSON and others created and administered and attempted to create and administer a fraudulent loan investment program called Frontier Assets through which

7

ANDERSON obtained and attempted to obtain millions of dollars in investments from various individuals by falsely promising high, guaranteed rates of return, and thereby defrauded and attempted to defraud those investors of millions of dollars.

(Title 18, United States Code, Sections 1343, 1349 and 2.)

### COUNT EIGHT

(Wire Fraud Conspiracy -- Martin de Porres International Foundation)

The Grand Jury further charges:

10.  From at least in or about 2000, up to and including in or about March 2007, in the Southern District of New York and elsewhere, BRIAN ANDERSON, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Section 1343 of Title 18, United States Code.

11.  It was a part and an object of the conspiracy that BRIAN ANDERSON, the defendant, and others known and unknown, unlawfully, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, a writing, sign, signal, picture and sound for the purpose of executing such

8

scheme and artifice, to wit, ANDERSON and others conspired to create and administer a fraudulent loan investment program known as the Martin de Porres International Foundation through which ANDERSON obtained over one million dollars in investments from various individuals by falsely promising high, guaranteed rates of return, and thereby defrauded those investors of this money, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

**COUNT NINE**

(Wire Fraud -- Martin de Porres International Foundation)

The Grand Jury further charges:

12.  From in or about 2000, up to and including in or about March 2007, in the Southern District of New York and elsewhere, BRIAN ANDERSON, the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, unlawfully, willfully and knowingly did transmit and cause to be transmitted, and attempted to transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals and sounds for the purpose of executing such scheme and artifice, to wit, ANDERSON and others created and administered, and attempted to create and administer, a fraudulent loan investment program known as the Martin de Porres

International Foundation through which ANDERSON obtained and attempted to obtain over one million dollars in investments from various individuals by falsely promising high, guaranteed rates of return, and thereby defrauded and attempted to defraud those investors of this money.

(Title 18, United States Code, Sections 1343, 1349, and 2.)

### COUNT TEN

(Money Laundering Conspiracy)

The Grand Jury further charges:

13.  From in or about 2000, up to and including in or about 2004, in the Southern District of New York and elsewhere, BRIAN ANDERSON, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate and agree together and with each other to violate Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1957 of Title 18, United States Code.

14.  It was a part and an object of the conspiracy that BRIAN ANDERSON, the defendant, and others known and unknown, in an offense involving interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, unlawfully, willfully, and knowingly would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit,

wire fraud in violation of Title 18, United States Code, Section 1343, (a) with the intent to promote the carrying on of specified unlawful activity, and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i) of Title 18, United States Code.

15.  It was further a part and an object of the conspiracy that BRIAN ANDERSON, the defendant, and others known and unknown, unlawfully, willfully, and knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property that was of a value greater than $10,000 and was derived from specified unlawful activity, to wit, wire fraud in violation of Title 18, United States Code, Section 1343, in violation of Section 1957 of Title 18, United States Code.

### Overt Acts

16.  In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a.  On or about September 18, 2000, a wire transfer in the amount of $300,000 was sent from an account at

11

Bank of America to an account at Ocean Bank in the name of Codepa USA Inc.

   b. On or about December 18, 2000, a wire transfer in the amount of $7,982.15 was sent from an account in London through Citibank in New York, New York to an account at Ocean Bank in the name of Codepa USA Inc.

   c. On or about October 1, 2002, a wire transfer in the amount of $1,400 was sent from an account at Ocean Bank in the name of Codepa USA Inc. through Citibank in New York, New York, to an account at BBVA Bank in Madrid, Spain in the name of Internacional Martin de Porres.

   d. On or about October 17, 2003, a wire transfer was sent in the amount of $10,000 from an account at Ocean Bank in Florida in the name of Codepa USA Inc.

   (Title 18, United States Code, Section 1956(h).)

_____  
FOREPERSON

_____  
MICHAEL J. GARCIA  
United States Attorney