UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA

      - against -                                              07 Cr. 115 (AKH)

ABDUL TAWALA IBN ALISHTARI,

                Defendant.
-------------------------------------------------------------x

# DEFENDANT ABDUL TAWALA IBN ALISHTARI'S
# PRE-TRIAL MEMORANDUM WITH
# RESPECT TO THE DEFENSE OF ENTRAPMENT

Dated: New York, NY
       June 30, 2009

Respectfully submitted,

Richard H. Rosenberg, Esq.
Attorney for Defendant
217 Broadway, Suite 707
New York, NY 10007
(212) 586-3838
RichRosenberg@msn.com

Daniel S. Parker, Esq.
Attorney for Defendant
65 West 36th Street, 9th Floor
New York, New York   10018
DanielParker@aol.com

# TABLE OF CONTENTS

| | | |
|---|---|---|
| i. | Table of Contents .................................................................................... | i |
| ii. | Table of Authorities ................................................................................. | ii |
| I. | INTRODUCTION ..................................................................................... | 1 |
| II. | JUDGE SAND'S 3 MODERN FEDERAL JURY INSTRUCTIONS ... | 2 |
| | §8.07, Entrapment ...................................................................................... | 2 |
| III. | THE ENTRAPMENT DEFENSE IN GENERAL ................................... | 3 |
| | A.   INDUCEMENT ............................................................................... | 3 |
| |     1.   Inducement Does Not Include Persuasion ...................... | 4 |
| |     2.   The "Unwary Innocent" Language Is Too Misleading... | 7 |
| | B.   PREDISPOSITION ......................................................................... | 8 |
| |     1.   The Government Must Prove that Mr. Alishtari Was Predisposed To Commit the Crime *Before* Any Inducement ............................................................... | 10 |
| IV. | CONCLUSION ......................................................................................... | 12 |

# TABLE OF AUTHORITIES
## CASES

Jacobson v. United States, 503 U.S. 540,(1992) ................................................... passim

Sherman v. United States, 356 U.S. 369, 372 (1958) ............................................. 1, 3, 4, 9

United States v. Sorrels, 287 U.S. 435 (1932) ......................................................... 1, 4

United States v. Brand, 467 F. 3d 179, 192 (2d Cir. 2006)..................................... 9, 10

United States v. Braver, 450 F.2d 799, (2d Cir. 1971) ............................................ 5

United States v. Dunn, 779 F.2d 157 (1985) ............................................................ 5, 6

United States v. Harvey, 991 F.2d 981 (2d Cir. 1993) ............................................ 8, 9

United States v. Hollingsworth, 27 F.3d 1196 (7th Cir. 1994) ................................ 10, 11

United States v. Martinez-Carcano, 557 F.2d 966, (2d Cir. 1977) ......................... 5

United States v. Poehlman, 217 F.3d 692 (9th Cir. 2000) ....................................... 10

United States v. Riley, 363 F.2d 955, 958 (2d Cir.1966) ........................................ 5

United States v. Salerno, 66 F.3d 544, 547 2d Cir. 1995), *citing*
Matthews v. United States, 485 U.S. 58, 63 (1988) ................................................. 3, 6, 8

United States v. Valencia, 645 F.2d 1158 (2nd Cir. 1980) ...................................... 5, 8

United States v. Viviano, 437 F.2d 295, 299 (2d Cir.), *cert. denied*,
402 U.S. 983, 91 S.Ct. 1659, 29 L.Ed 149 (1971), *amended* (2d Cir. 1981) .......... 8

## STATUTES

Fed. Rules. Evid. Rule 404(b), 28 U.S.C.A. ........................................................... 7

## TREATISES

L. Sand, *et al.*, Modern Federal Jury Instructions (2008),
Instruction 8.07 "Entrapment." ................................................................................ 1, 6

I. **INTRODUCTION**

There should be no question as to whether the defendant, Abdul Tawala Ibn Alishtari (hereinafter "Alishtari" or "the defendant") in this case is entitled to have the jury charged regarding an entrapment defense. "Sting" cases invariably implicate an entrapment defense – and specifically in this case, the evidence at trial will unequivocally demonstrate that the government agent ( "Mohammed") posing as a wealthy Pakistani, along with a second government agent (the "cousin"), initiated contact and suggested criminal activity to Mr. Alishtari. Evidence will also show that a government informant, Aqeel Khan, acting on behalf of the FBI, introduced Mr. Alishtari to the government agents and sought to involve Mr. Alishtari in the government's "sting."

Properly instructing the jury on this issue requires great care since the concept is not intuitive,[1] and the accepted terminology cannot be accepted literally. The language (if not adequately explained) can create confusion for the jurors.

---

[1] See United States v. Sorrells, 287 U.S. 435 (1932) and Sherman v. United States, 356 U.S. 369, 380 (1958), concurring opinion by Justice Frankfurter, in which the Court discuss whether the basis for the entrapment defense emanates from legislative intent or whether the "entrapment defense" lies in the view that "courts refuse to convict an entrapped defendant, not because his conduct falls outside the proscription of the statute, but because, even if his guilt be admitted, the methods employed on behalf of the Government to bring about conviction cannot be countenanced."

II.  **JUDGE SAND'S 3 MODERN FEDERAL JURY INSTRUCTIONS**

**§8.07, Entrapment**

Sand's Instruction reads as follows:

"The defendant asserts a defense that he was the victim of entrapment by an agent of the government. While the law permits government agents to trap an unwary criminally-minded person, the law does not permit the government agents to entrap an unwary innocent. Thus, a defendant may not be convicted of a crime if it was the government who gave the defendant the idea to commit the crime, if it was the government who also persuaded him to commit the crime, and if he was not ready and willing to commit the crime before the government officials or agents first spoke to him.

On the other hand, if the defendant was ready and willing to violate the law, and the government merely presented him with an opportunity to do so, that would not constitute entrapment.

Your inquiry on this issue should first be to determine if there is any evidence that a government agent took the first step that led to a criminal act. If you find there was no such evidence, there can be no entrapment and your inquiry on this defense should end there.

If on the other hand, you find some evidence that a government agent initiated the criminal acts charged in the indictment, then you must decide if the government

2

> has satisfied its burden to prove beyond a reasonable doubt that prior to being first approached by government agents, the defendant was ready and willing to commit the crime. If you find beyond a reasonable doubt that the defendant was predisposed that is, ready and willing to commit the offenses charged, and merely was waiting a favorable opportunity to commit them, then you should find that the defendant was not the victim of entrapment. On the other hand, if you have a reasonable doubt that the defendant would have committed the offenses charged without the government's inducements, you must acquit the defendant."

Sand, 3 Modern Federal Jury Instructions, Criminal, at p. 8-34.

## III.   THE ENTRAPMENT DEFENSE IN GENERAL

### A.   INDUCEMENT

Under the entrapment doctrine, "In their zeal to enforce the law, ... Government agents may not originate a criminal design, implant in an innocent person's mind the disposition to commit a criminal act, and induce the commission of the crime so that the Government may prosecute." Jacobson v. United States, 503 U.S. 540, 548 (1992). "To determine whether entrapment has been established, a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal." Sherman v. United States, 356 U.S. 369, 372 (1958).

Entrapment has two elements: (1) government inducement of the crime, and (2) lack of predisposition to commit the crime on the defendant's part. United States v. Salerno, 66 F.3d 544, 547 2d Cir. (1995), citing Matthews v. United States, 485 U.S. 58, 63 (1988). Once there is evidence of inducement by a government agent, the government is required to prove beyond a

3

reasonable doubt that the defendant was predisposed to commit the crime.

1.   **Inducement Does Not Include Persuasion**

The Court is aware that the term "inducement" does not mean more than simply planting the criminal idea, and does not mean actually "persuading" the defendant to commit the crime. See Sherman v. United States, 356 U.S. 369 (1958); United States v. Sorrels, 287 U.S. 435 (1932). However, confusion is often invited because Judge Sand's 3 Modern Federal Jury Instructions, §8.07, Entrapment, pp 8-47 at page 34, uses language of "also persuaded him to commit the crime" before correctly instructing that inducement is established where the government "took the first step" or "initiated the criminal acts." The two concepts are contradictory.

After the Supreme Court's decision in United States v. Jacobson, 503 U.S. 540 (1992), it could not be any more clear that "inducement" is simply the act of providing the criminal opportunity, and that for inducement to occur, the defendant need not show that the government has to overcome resistance on the part of the accused or put pressure on the accused to commit the offense. Therefore, the "persuaded" language must be omitted in discussing "inducement."

The simple, long-standing, and frequently reiterated definition of "inducement" is "when the criminal design originates with the officials of the Government." Sherman v. United States, 356 U.S. 369, 372 (1958) (quoting United States v. Sorrels, 287 U.S. 435, 442 (1932)). "Inducement has nothing to do with the "persuasion" of the accused to engage in the charged conduct:

In this circuit, "soliciting, proposing, initiating, broaching or suggesting the commission

4

of the offence charged" does constitute inducement, see United States v. Sherman, 200 F.2d 880, 883 (2d Cir.1952), and there is no need to show something more on that issue. This circuit has also consistently held that inducement refers to "the Government's initiation of the crime and not to the degree of pressure exerted." United States v. Riley, 363 F.2d 955, 958 (2d Cir.1966).

Because of the danger that jurors can have a mistaken belief that more is required for inducement to be established, the Second Circuit has recommended "in the ordinary case" that inducement be assumed. United States v. Dunn, 779 F.2d 157, 158 (1985) (Affirming Court's granting of a new trial after an erroneous charge).

The Second Circuit in Dunn stated :

> ...[W]e have recommended to the district courts that, in the ordinary case, they not refer to the defendant's burden of proof with regard to inducement, since this tends to distract the jury from the real issue and may result in the imposition of too heavy a burden on the defendant. See Valencia, 645 F. 2d 1158 at 1166 (2nd Cir. 1971); Martinez-Carcano, 557 F.2d 966 at 970 (2nd Cir. 1977); Braver, 450 F.2d 799 at 805 (2nd Cir 2006). Furthermore, in order to reach the central issue of predisposition, we have held that there need only be some evidence of government initiation of the illegal conduct. See Martinez-Carcano, 557 F.2d at 970 (citing Braver, 450 F.2d at 805)

Id., at 160; See United States v. Valencia, 645 F.2d 1158 (2nd Cir. 1980) (approval of charge where no burden placed on accused to show inducement).

As noted in United States v. Braver, 450 F.2d 799, 805 (2d Cir. 1971)

> ...[W]e are aware that the definition of inducement now in effect in this circuit requires so little evidence to satisfy the defendant's burden of proof, as it has been phrased up to now, that production of 'some evidence' of government initiation almost always satisfies it. Accordingly, we agree that a simplification of the charge on this issue is appropriate.
> In light of all this, we suggest that it would be preferable for the district courts of

5

>this circuit to use an entrapment charge that does not give to the jury two ultimate factual issues to decide on two different burdens of persuasion imposed upon two different parties...we suggest that there be no reference to 'burden' or 'burden of proof' of 'preponderance of the evidence' in describing defendant's obligation... it will be enough to tell the jury that if it finds some evidence of government initiation of illegal conduct, the Government has to prove beyond a reasonable doubt that defendant was ready and willing to commit the crime.

Under the facts of this case, where there are several offenses and multiple explicit "inducements" by the government agents (as well as efforts by the government informant to induce Alishtari into engaging in criminal conduct), confusion may arise should the Court use Sand's language that inducement somehow equates to "persuasion." Given the minimum level of inducement required, defendant submits that the Court should charge that in this case, there was "inducement as a matter of law."

If the Court so declines, then it is all the more imperative that the Court ensures that the jury clearly understands the minimal facts needed to establish inducement. (See L. Sand, 3 Modern Federal Jury Instructions, §8.07, p 8-44) ("Indeed, all courts are in accord that a defendant may not be charged with any burden of proof in connection with the entrapment defense." Id., citing Jacobson v. United States, 503 U.S. 540 (1992). )

Therefore, it is proper and sufficient to instruct the jury that the "inducement" component of entrapment occurs simply when the government offers the criminal opportunity or "there [is] *any* evidence that a government agent took the first step that led to a criminal act." United States v. Salerno, 66 F.3d 544, 548 (2d Cir. 1995) (emphasis added). It is also proper to instruct the jury that inducement exists where there is "some evidence of government initiation of the illegal conduct." Dunn, 779 F.2d at 160. It is error to suggest that more is needed.

6

## 2. **The "Unwary Innocent" Language Is Too Misleading**

In referring to "inducement," the Court should refrain from using the "unwary innocent" language that curiously appears in the pattern charge. This is especially dangerous in cases such as this, with multiple counts, where jurors may believe that if entrapment does not apply to every crime charged, then it cannot apply to any one of the crimes charged because the defendant is not innocent of each and every accusation. In this case, any argument by the Government or even an inadvertent hint that the defendant was not "induced" because he was not truly an "unwary innocent," would misstate the law.

Moreover, should the Court permit the Government to introduce any evidence pursuant to Federal Rule of Evidence ("FRE") § 404(b), regarding certain alleged other criminal acts of the defendant that are not being tried in this case, then language which refers to an "unwary innocent" is likely to confuse the jury as to whether the defendant was truly induced and predisposed to commit the *crimes upon which the jury is being asked to render a verdict.*

There is no requirement in asserting an entrapment defense that the defendant be "morally pure" or have "clean hands" or a "clean record" in order to succeed. The prosecution should not be allowed to argue he was not an "unwary innocent" based upon severed counts alleging crimes that are not directly related to the crimes herein or based upon other wrongful conduct discussed pursuant to FRE § 404(b). Moreover, the jury instructions must clearly indicate that any assertion to the contrary, is incorrect.

It could not be clearer that the notion of "innocent," in the context of entrapment, is

7

simply in reference to an absence of predisposition, which is established only by a predisposition to the actual offense-type charged.

### B. PREDISPOSITION

A defendant is predisposed to commit a crime if he is "'ready and willing without persuasion' to commit the crime charged and 'awaiting any propitious opportunity to do so.'" United States v. Salerno, 66 F.3d 544, 547 (2d Cir., 1995). Predisposition may be shown by evidence of:

> (1) an existing course of criminal conduct similar to the crime for which [the defendant] is charged, (2) an already formed design on the part of the accused to commit the crime for which he is charged, or (3) a willingness to commit the crime for which he is charged as evidenced by the accused's ready response to the inducement."
> Salerno. citing United States v. Valencia, 645 F.2d 1158, 1167 (2nd Cir. 1980)

(*quoting* United States v. Viviano, 437 F.2d 295, 299 (2d Cir.), *cert. denied,* 402 U.S. 983, 91 S.Ct. 1659, 29 L.Ed 149 (1971), *amended* (2d Cir. 1981).

Evidence and argument of predisposition must directly demonstrate predisposition toward the commission of the offenses charged, and not some predisposition to engage in general wrongdoing. United States v. Harvey, 991 F.2d 981, 997 (2d Cir. 1993) ("Though the evidence of predisposition was not insubstantial, the jury faced a fair issue as to whether predisposition was proven beyond a reasonable doubt, and we are unwilling to conclude the jury would have convicted in the absence of the prejudicial evidence gratuitously presented by the prosecutor." See Also United States v. Jacobson, 503 U.S. 540, 550 (1992) (defendant possessed certain magazines, which may indicate a predisposition to view certain sexually oriented photographs,

but " evidence that merely indicates a generic inclination to act within a broad range, not all of which is criminal, is of little probative value in establishing predisposition.")

As first articulated by Judge Hand in Sherman, reaffirmed in Harvey and reiterated in United States v. Brand, 467 F. 3d 179, 200 (2d Cir. 2006):

> " Predisposition can be established by evidence of a defendant's past conduct; this past conduct should be 'near enough in kind to support an inference that his purpose included offenses of the sort charged;' although it is not necessary that the past conduct be precisely the same as that for which the defendant is being prosecuted."

In this case, defendant Alishtari submits that the Court should not permit argument by the Government that because defendant may have engaged in a financial fraud scheme (which the Government may attempt to introduce and refer to as FEDI during the course of the trial) that he was predisposed to commit any of the crimes charged herein. The alleged act of fraudulently raising money is completely unrelated to the specific crimes charged here, namely attempting to render aid and to use money to finance and assist a terrorist organization, and to willingly and knowingly transfer money from New York to Canada for that specific purpose, to wit, to provide material support to terrorists. In fact, the Court should instruct the jury to the contrary. Allegations by the Government that defendant engaged in a fraudulent scheme to raise money between 1998 and 2004 from investors cannot be considered as evidence of his predisposition to Finance Terrorism, render Material Support to Terrorism, or to engage in Money Laundering.

### 1. The Government Must Prove that Mr. Alishtari Was Predisposed to Commit the Crime *Before* Any Inducement

It is long established that in order to defeat an entrapment defense, the Government must prove beyond a reasonable doubt that a defendant was predisposed to commit the crime *before* the Government intervened. United States v. Jacobson, 503 U.S. 540, 549 (1992). In stating the obvious, the court in United States v. Poehlman, 217 F.2d 692, 703 (9th Cir. 2000) said, "Quite obviously, by the time a defendant actually commits the crime, he will have become disposed to do so." (Reversing defendant's conviction for crossing state lines to engage in sex with a minor because defendant was not predisposed). "...[T]he relevant time frame for assessing a defendant's disposition comes before he has any contact with government agents, which is doubtless why it's called *pre*disposition." Id., citing Jacobson.

As noted previously, there are three ways the Government can show a defendant's predisposition, one of which – the accused's ready response to the inducement – occurs after the inducement. Still, as noted in United States v. Brand, 467 F. 3d 179, 192 (2d Cir. 2006), evidence of acts that occurred *after* Brand's initial contact with government agents is misplaced. This evidence would not be 'probative of petitioner's state of mind *prior* to the commencement of the Government's investigation,'" *quoting* Jacobson.

The timing of a particular defendant's predisposition was discussed at length in United States v. Hollingsworth, 27 F.3d 1196 (7th Cir. 1994), where that defendant's money laundering conviction was reversed.

> "Predisposition is not a purely mental state, the state of being willing to swallow the government's bait. It has positional as well as dispositional force. The dictionary

10

definitions of the word include "tendency" as well as "inclination." The defendant must be so situated by reason of previous training or experience or occupation or acquaintances that it is likely that if the government had not induced him to commit the crime some criminal would have done so; only then does a sting or other arranged crime take a dangerous person out of circulation." Hollingsworth, 27 F.3d at 1200.

In discussing whether the Hollingsworth defendants were predisposed to engage in money laundering, the Court pointed out certain factors which it suggested were relevant to determining predisposition. Specifically, the Court said, "... not that they were "*incapable* of engaging in the act of money laundering. Obviously, they were capable of the act. All that was involved in the act was wiring money to a bank account designated by the government agent. Anyone can wire money. But to get into the international money-laundering business you need underworld contacts, financial acumen or assets, access to foreign banks or bankers, or other assets." Hollingsworth, 27 F.3d at 1202.

In the case herein, the Court should instruct the jury that factors it may consider regarding pre-disposition include whether Mr. Alishtari had ever engaged in material support of terrorists prior to this case, whether he had financed any terrorists in the past, whether he had contacts with persons who had previously supplied weapons and/or had financed the supply of weapons to terrorists, and whether he had access to foreign bankers or other assets, and/or access to weapons or equipment to be used by terrorists.

Case 1:07-cr-00115-AKH   Document 93   Filed 07/01/09   Page 15 of 15

## IV. **CONCLUSION**

An entrapment instruction must be given. Clarity and simplicity are needed to avoid juror confusion. The Court should instruct the jury that inducement exists as a matter of law. The Court should further instruct the jury that the Government bears the burden of proving defendant Alishtari's predisposition beyond a reasonable doubt. The Court should instruct the jury in accord with defendant's proposed instructions, attached separately.