```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :    INFORMATION

            -v.-                      :    S3 07 Cr. 115 (AKH)

ABDUL TAWALA IBN ALI ALISHTARI,       :

                  Defendant.          :

- - - - - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/09

<u>COUNT ONE</u>

(Financing Terrorism)

The United States Attorney charges:

1.  From at least in or about June 2006, up to and including in or about December 2006, in the Southern District of New York and elsewhere, ABDUL TAWALA IBN ALI ALISHTARI, the defendant, and others known and unknown, where the offense did take place in the United States and was directed toward the carrying out of a predicate act outside the United States, and within the United States, the offense and the predicate act were conducted in, and the results thereof affected, interstate and foreign commerce, unlawfully, willfully, and knowingly, directly and indirectly did attempt to provide and collect funds with the intention that such funds be used, and with the knowledge that such funds were to be used, in full and in part, in order to carry out an act intended to cause death and serious bodily injury to a civilian, and to any other person not taking an active part in the hostilities in a situation of armed conflict,

when the purpose of such act, by its nature and context, was to intimidate a population, and to compel a government and an international organization to do and to abstain from doing any act, to wit, ALISHTARI, in exchange for payment, transferred and concealed the transfer of approximately $152,000 in funds that he believed were being sent to Pakistan and Afghanistan to be used to support a terrorist training camp in Afghanistan by, among other things, funding the purchase of equipment such as nightvision goggles.

(Title 18, United States Code, Sections 2339C & 2.)

## COUNT TWO

(Fraud Conspiracy - FEDI)

The United States Attorney further charges:

2.  From at least in or about 1998, up to and including in or about 2004, in the Southern District of New York and elsewhere, ABDUL TAWALA IBN ALI ALISHTARI, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Section 1343 of Title 18, United States Code.

3.  It was a part and an object of the conspiracy that ABDUL TAWALA IBN ALI ALISHTARI, the defendant, and others known and unknown, unlawfully, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for

2

obtaining money and property by means of false and fraudulent pretenses, representations and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, a writing, sign, signal, picture and sound for the purpose of executing such scheme and artifice, to wit, ALISHTARI administered and promoted a fraudulent loan investment program known as the "Flat Electronic Data Interchange" ("FEDI") through which ALISHTARI and others fraudulently obtained millions of dollars in investments from various individuals by falsely promising high, guaranteed rates of return, in violation of Title 18, United States Code, Section 1343.

### Overt Acts

4. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a. In or about December 2003, ABDUL TAWALA IBN ALI ALISHTARI, the defendant, distributed via email to victims of the fraudulent scheme a document concerning FEDI called "Executive Summary of Business Plan for Review and Comment."

(Title 18, United States Code, Section 371.)

3

## FORFEITURE ALLEGATION

(As to Count One)

5. As the result of committing the terrorism financing offense alleged in Count One of this Information, ABDUL TAWALA IBN ALI ALISHTARI, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the violations, including but not limited to, the following:

    a. at least $15,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the terrorism financing offense alleged in Count One of this Information.

### Substitute Asset Provision

6. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant--

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

4

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

>(Title 18, United States Code, Section 981;
>Title 21, United States Code, Section 853; and
>Title 28, United States Code, Section 2461.)

### FORFEITURE ALLEGATION

(As to Count Two)

7.    As the result of committing the wire fraud conspiracy offense alleged in Count Two of this Information, ABDUL TAWALA IBN ALI ALISHTARI, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(D)(vi), all property constituting or derived from proceeds obtained directly or indirectly as the result of such violation, including but not limited to a sum of money equal to the amount of proceeds obtained as a result of the offense.

### Substitute Asset Provision

8.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant--

    a.    cannot be located upon the exercise of due diligence;

5

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

    (Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

*Preet Bharara*

PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v -

ABDUL TAWALA IBN ALI ALISHTARI,

Defendant.

---

### INFORMATION

S3 07 Cr. 115 (AKH)

(18 U.S.C. §§ 2339C, 2; 18 U.S.C. § 371.)

Preet Bharara
United States Attorney.

---

*[Handwritten notes:]* Information filed. ... on information S3 07 Cr 115. ... Attys Richard Rosenberg and Daniel Parker, AUSAs ... and Peter Skinner pses, Court reporter Ann Hairston ... pleads guilty to counts 1 + 2 of S3 07 Cr 115 information. ... Sentencing set for 1/7/10 @ 3:00 p.m. Deft cont'd ...

Hellerstein, J.